IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| PASO DEL NORTE MATERIALS, LLC, | § | Case No. 23-30252-HCM-11 |
| | § | |
| Debtor. | § | |

## MOTION TO COMPROMISE CONTROVERSY

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within twenty-one (21) days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely response is necessary for a hearing to be held.**

Now comes the Debtor PASO DEL NORTE MATERIALS, LLC (hereinafter "PDNM") and through its attorney undersigned files this Motion to Compromise Controversy, against LORENZO FERNANDEZ, Individually and in his Capacity as Trustee of the LORENZO FERNANDEZ FAMILY TRUST, and for cause would show:

1.

This Motion to Compromise Controversy under F.R. Bankr P. 9019 is being filed by the litigants in Adversary proceeding No. 23-03002, they being the Debtor-in-Possession PDNM and the Defendants LORENZO FERNANDEZ, individually and as Trustee of the LORENZO FERNANDEZ FAMILY TRUST.

2.

There is a settlement or form of Agreed Order which has been reduced to a proposed writing in the Adversary proceeding, a copy of which is hereto attached, and which would be entered in the Adversary proceeding if this Motion to Compromise Controversy is approved.

3.

Petition date in this case is March 15, 2023. Jurisdiction arises under 28 U.S.C. § 1334(a), (b), and (e). The parties Plaintiff and Defendant have consented to jurisdiction in this Court and that this Court may enter final Orders in the Adversary proceeding.

4.

PDNM and LORENZO FERNANDEZ, Individually and as Trustee, have reached a complete settlement of the issues joined in Adversary proceeding No. 23-03002. The settlement hereto attached has been drafted and accepted by PDNM and the Defendant.

5.

The settlement is beneficial for this estate because it will end the cost and uncertainty of protracted litigation and enable the Debtor to reduce the debts to be satisfied under its Chapter 11 filing. The settlement observes the Debtor-in-Possession's avoidance powers and will also recover for the estate, free of liens under 11 U.S.C. § 551, valuable assets which can be sold.

6.

The proposed settlement also would limit a disputed claim by the Defendants for pre-petition rent, to a general unsecured claim for $40,000.00.

7.

This Court has the discretionary authority to approve a compromise of a controversy pursuant to Fed. R. Bankr. P. 9019(a). *See Protective Comm. of Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968), *on remand, TMT Trailer Ferry, Inc. v. Kirkland*, 471 F.2d 10 (5th Cir. 1972), *Continental Airlines, Inc. v. Air Line Pilots' Ass'n Int'l, (In re Continental Airlines, Inc.)*, 907 F.2d 1500, 1508 (5th Cir. 1990). A trustee or debtor may compromise claims in the administration of the estate with the approval of the court, after notice and hearing. *See* Fed. R. Bankr. P. 9019(a). Whether to approve a compromise is a matter within the sound discretion of the bankruptcy court. *See In re Aweco, Inc.* 725 F.2d 293 (5th Cir.

2

1984); *American Employers Ins. Co. v. King Resources Co.*, 556 F.2d 471 (10th Cir. 1977).

8.

According to the Fifth Circuit, in deciding whether to approve a settlement, a bankruptcy court should evaluate the following:

(a)     the probability of success for the estate in the litigation, with due regard to the uncertainty of the facts and the law;

(b)     the difficulty in collecting any judgment which may be obtained;

(c)     the complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay;

(d)     the interests of creditors and stockholders and a proper deference to their reasonable views of the settlement, and

(e)     all other factors bearing on the wisdom of the compromise.

*See Protective Committee*, 390 U.S. at 424-25; *Connecticut General Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortgage Corp.)*, 68 F.3d 914, 917 (5th Cir. 1994). This standard seeks to balance the risks and benefits associated with pursuing a potential claim against the costs associated with the proposed settlement. Success for either side in the litigation is uncertain. The proposed compromise brings the case nearer to closure and minimizes continued expenses for the parties.

9.

Whether the settlement is a product of an arms-length negotiation is a factor bearing on the wisdom of the compromises. *Foster Mortgage*, 68 F.3d at 918. Generally, the role of the bankruptcy court is not to decide the issues in dispute when evaluating a settlement. Instead the

3

bankruptcy court should determine whether the settlement is fair and equitable as a whole. *Florida Trailer and Equipment Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960).

10.

Pursuant to Fed. R. Bankr. P. 9019, PDNM requests that the Court approve the proposed settlement. Without such settlement, the competing claims of BORDER and the Debtor are of uncertain outcome, and the parties hereto would prefer to curtail their expenses and secure a result that has beneficial aspects for all concerned. Without a settlement, the administration of this estate could be far prolonged by complex litigation, including appeals.

WHEREFORE, PREMISES CONSIDERED, PDNM prays that the above compromise of the Adversary proceeding be approved.

Respectfully submitted this ___ day of August, 2023.

/s/ _E.P. Bud Kirk_

E.P. BUD KIRK
Texas State Bar No. 11508650
600 Sunland Park Dr.
Building Four, Suite 400
El Paso, TX 79912
(915) 584-3773
(915) 581-3452 facsimile
budkirk@aol.com

Attorney for Debtor

4

## CERTIFICATE OF SERVICE

I do hereby certify that on the ___ day of August, 2023 I did cause a copy of the foregoing Motion to Compromise Controversy to be mailed to <u>U.S. Trustee</u>, 615 E. Houston St., Ste. 533, San Antonio, TX 78205-1539; to <u>Paso Del Norte Materials, LLC</u>, 8000 Escobar, El Paso, TX 79907; to <u>Wells Fargo Equipment Finance, Inc.</u>, c/o James W. Brewer, P.O. Box 2800, El Paso, TX 79999-2800; to <u>4Rivers Equipment, LLC</u>, c/o Clyde A. Pine, Jr., P.O. Box Drawer 1977, El Paso, TX 79950-1977; to <u>Texas Comptroller of Public Accounts</u>, c/o Callan C. Searcy, P.O. Box, 12548, Austin, TX 78711-2548; to <u>United States Fire Insurance Company</u>, c/o Gregory M. Weinstein, 8350 Central Expressway, Suite 1550, Dallas Texas 75206; to <u>Sumitomo Mitsui Finance and Leasing Co., Ltd.</u>, c/o Matthew F. Kye, Esq., 201 Old Country Road, Ste. 120, Melville, NY 11747; to <u>City of El Paso</u>, c/o Don Stecker, 112 E. Pecan Street, Suite 2200, San Antonio, TX 78205; to <u>Christopher V. Arisco</u>, 420 Throckmorton Street, Suite 1210, Fort Worth, Texas 76102; to <u>1st Source Bank</u>, c/o Jarom J. Yates, 2323 Victory Avenue, Suite 700, Dallas, TX 75219; to <u>Prana Machinery, Inc.</u>, c/o Aldo R. Lopez 5822 Cromo Dr., El Paso, TX 79912; to <u>C&R Distributing, LLC</u>, c/o Michael J. Shane, 4695 N. Mesa Street, Suite 100, El Paso Texas 79912; to <u>Clowe & Cowan of El Paso, LLC</u>, c/o Michael J. Shane, 4695 N. Mesa Street, Suite 100, El Paso Texas 79912; to <u>Joshua Ortega d/b/a Sunset Sand & Gravel</u>, c/o James M. Feuille, One San Jacinto Plaza, 201 E. Main Dr., suite 1100, El Paso, Texas 79901; to <u>Sumitomo Mitsui Finance and Leasing Company, Ltd.</u>, c/o James W. King, 6420 Wellington Place, Beaumont, TX 77706; to <u>Internal Revenue Service</u>, c/o Steven Bass, 903 San Jacinto Blvd., Suite 334, Austin, TX 78701; to <u>Joe A. Rosales, Jr.</u>, c/o Weycer, Kaplan, Pulaski & Zuber, P.C., 24 Greenway Plaza, Ste. 2050, Houston, TX 77046; to <u>Wallwork Financial</u>, c/o Kelsey N. Linendoll, 420 Throckmorton Street, Suite 1210, Fort Worth, Texas 76102; and to <u>20 Largest Unsecured Creditors as shown on the attached list</u>; and via email to <u>Craig Brown</u>, restructuringexperts@gmail.com.

/s/ _____

E.P. BUD KIRK

4686-LC-072523

## 20 Largest Unsecured Creditors

American Express
Customer Care & Billing
P.O. Box 981535
El Paso TX 79998

BioDyna
P.O. Box 955967
Saint Louis, MO  63195-5967

Border International Truck-EP
12283 Rojas
El Paso TX 79936

Brewer Oil Co.
1025 Wall St.
El Paso, TX  79915

C&R Distributing, LLC
140 S. Prado
El Paso, TX  79907

Century Rentals
955 Loma Verde Rd.
El Paso TX 79936

Dump Truck & Loader Service, Inc.
1645 Bessemer
El Paso, TX  79936

Environmental & Safety Solutions
6044 Gateway Blvd., E, Ste. 303
El Paso, TX  79905

Fuels, LLC
P.O. Box 150990
Ogden, UT  84415

Long Horn Electrical Services, Inc.
2227 Texas Ave.
El Paso TX 79901

Office of the Attorney General
Environmental Protection Division
P.O. Box 12548 MC-066
Austin TX 78711-2548

Prana Machinery
11640 Gateway East Blvd.
El Paso TX 79927

Purvis Industries
P.O. Box 540757
Dallas TX 75354

Reliable Asphalt Products
P.O. Box 519
Shelbyville KY 40066

Sapphire Gas Solutions, LLC
Lockbox/P.O. Box 679262
Dallas TX 75267-9262

Terracon
6460 Hiller St., Ste. A
El Paso TX 79925

Wagner Equipment Co.
P.O. Box 919000
Denver CO 80291-9000

Western Explosives Systems Co.
6875 South 900 East
Midvale UT 84047

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| PASO DEL NORTE MATERIALS, LLC, | § | Case No. 23-30252-HCM-11 |
| | § | |
| Debtor. | § | |
| | | |
| PASO DEL NORTE MATERIALS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 23-03002 |
| | § | |
| LORENZO FERNANDEZ, individually | § | |
| and in his capacity as Trustee of | § | |
| THE LORENZO FERNANDEZ | § | |
| FAMILY TRUST, | § | |
| | § | |
| Defendant. | § | |

## AGREED ORDER RESOLVING ADVERSARY PROCEEDING

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

Now come the Debtor-Plaintiff PASO DEL NORTE MATERIALS, LLC (hereinafter "PDNM") and the Defendants LORENZO FERNANDEZ, INDIVIDUALLY AND IN HIS CAPACITY                                                                                    AS

1

TRUSTEE OF THE LORENZO FERNANDEZ FAMILY TRUST, in these adversary proceedings, and stipulate as follows:

1.  PDNM has sued Defendants under causes of action for turnover, lien avoidance, and fraudulent transfer of certain assets (hereinafter "The Assets"): a lime silo, chain conveyer, and asphalt millings having asserted respective values of $230,000, $198,000, and $1.2 million.

2.  Defendants have agreed that PDNM may, at its own cost, come onto the property of THE LORENZO FERNANDEZ FAMILY TRUST and recover the assets and, using PDNM workers exclusively.

3.  The PDNM recovery operation shall be accompanied by general liability insurance limited at $1 million per incident in addition to worker compensation. The recovery is to be completed within a reasonable time. The asphalt millings are strewn about the property of THE LORENZO FERNANDEZ FAMILY TRUST, and the lime silo and chain conveyer require access by large trailers, so the recovery time may be as long as on month.

4.  In view of the recovery of the assets in kind, no immediate exchange of money is to take place under this Agreed Order between the parties.

5.  THE LORENZO FERNANDEZ FAMILY TRUST shall have a general unsecured claim for $40,000 in prepetition rent.

6.  Each side shall have its own attorney's fees and costs.

7.  The parties Plaintiff and Defendant further agree that this Agreed Order resolves every other claim of any kind which they or any persons or entities in privity of interest with them from the beginnings of time to the present could have brought in any forum against the other; known or unknown, latent or manifest, and they mutually release and forever abandon all such claims against each other.

IN WITNESS WHEREOF, we hereto set our hands, this _____ day of August, 2023.


**AGREED TO:**

PASO DEL NORTE MATERIALS, LLC


_____

LORENZO FERNANDEZ,
Individually

_____

By: JOE A. ROSALES
Sole and Managing Member


LORENZO FERNANDEZ FAMILY TRUST


_____

By: LORENZO FERNANDEZ,
Trustee

_____

JOE A. ROSALES
Individually


**APPROVED AS TO FORM:**


_____

LANE REEDMAN,
Texas State Bar No. 16698400
Guevara, Baumann Coldwell & Reedman, LLP
4171 North Mesa Street, Suite B201
El Paso, Texas 79902
Tel.:  (915) 544-6646
Fax.:  (915) 544-8305
E-Mail: lanereedman@gbcrlaw.com

Attorney for Defendant

_____

E.P. BUD KIRK
Texas State Bar No.  11508650
600 Sunland Park Dr., Ste. 4-400
El Paso, TX 79912
(915) 584-3773
(915) 581-3452 facsimile
budkirk@aol.com

Attorney for the Debtor-in-Possession


4988-LC-072423


3